IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ARLISA RILEY,            } | |
| } | |
| Plaintiff,         } | |
| } | CIVIL ACTION NO. |
| v.                      } | 04-AR-0778-S |
| } | |
| WINN-DIXIE MONTGOMERY, INC., } | |
| } | |
| Defendant.         } | |

**MEMORANDUM OPINION**

Before the court is the motion of defendant, Winn-Dixie Montgomery, Inc. ("Winn-Dixie"), for summary judgment. Plaintiff, Arlisa Riley ("Riley"), is a former employee of Winn-Dixie and is suing it for alleged retaliation in violation of 42 U.S.C. § 1981 and Title VII. Winn-Dixie's only argument is that plaintiff should be judicially estopped from pursuing her claims for failure to identify them in her bankruptcy proceeding. The critical question for purposes of defendant's motion is whether Riley intentionally misrepresented her assets during the course of her voluntary Chapter 13 bankruptcy proceeding by failing to disclose the claim(s) she advances in the instant lawsuit. There is insufficient evidence that Riley's failure to list her potential future retaliation claims was "calculated to make a mockery of the judicial system" to justify the application of judicial estoppel here. *See Burnes v.Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1285 (11th Cir. 2002). Accordingly, Winn-Dixie's motion is due to be denied.

The relevant undisputed facts are straightforward. Riley filed for Chapter 13 bankruptcy, then filed an EEOC charge against

her employer, then filed another EEOC charge against her employer, then had her Chapter 13 bankruptcy dismissed and closed, then received a right to sue letter, then commenced this lawsuit.

Riley's Bankruptcy

On August 22, 2002, Riley filed a voluntary Chapter 13 bankruptcy petition, including schedules of her assets and a statement of her financial affairs.  On Schedule B, a list of her personal property, she indicated that she had no "[o]ther contingent and unliquidated claims of every nature."  In her statement of financial affairs, she was required to list all suits and administrative proceedings to which she is or was a party within one year immediately preceding the filing of her bankruptcy case.  She indicated that she was not a party to any such suit or proceeding.  It is undisputed that these statements were true when initially made.  On December 16, 2002, the bankruptcy court confirmed Riley's repayment plan; and on December 5, 2003, the court issued an order discharging the standing trustee, releasing bond liability, and closing the bankruptcy case.

Riley's Employment Discrimination Claims

Riley worked for Winn-Dixie from July 1995 until February 11, 2004, when she was forced to resign.[1]  On September 17, 2002, she filed an EEOC charge alleging race discrimination and stating that she had been refused a requested transfer/promotion in violation of

---

[1] There is a genuine issue of fact as to whether Riley left Winn-Dixie voluntarily or not.  Winn-Dixie points to a letter she signed stating her resignation.  Riley argues that she was told she could either sign the letter or be fired.  Viewing the facts in the light most favorable to Riley for purposes of the present motion for summary judgment, the court will presume that Riley was forced to resign.

Title VII.  Then, in June 2003, she filed a second EEOC charge, this time alleging that she had been demoted and subjected to a hostile work environment on account of her disability.  In March 2004, she received a right to sue letter from the EEOC, and on April 16, 2004, she commenced this lawsuit.  Her complaint contains only one count, alleging retaliation in violation of Title VII and § 1981.  Specifically, she alleges that she called a company hotline to report race discrimination against her supervisor on several occasions, and that that supervisor began to falsely write her up in November 2003 and finally forced her resignation in February 2004.  The complaint seeks damages and injunctive relief.

### *Analysis*

Unlike the situation in *Burnes*, the present factual record in this case does not support the inference that Riley attempted to manipulate the judicial system by concealing the existence of her claims in her bankruptcy filings.  *See id.* at 1287-88 (holding that intentional manipulation could be inferred where debtor filed and pursued employment discrimination claims during the pendency of his Chapter 13 proceeding).  Judicial estoppel is an "equitable concept" used to "protect the integrity of the judicial process" where a party takes inconsistent sworn positions in two proceedings that are "calculated to make a mockery of the judicial system." *Id.* at 1285.  Were the court to find that Riley was attempting to abuse the judicial process in this case, it could dismiss her action, at least insofar as she is seeking money damages, under the doctrine of judicial estoppel.

In deciding whether the doctrine applies, the court must first determine whether Riley made contradictory statements, and second, whether those contradictions were intentional, not simply inadvertent.  *See id.* at 1286.  Whether Riley's statements are contradictory must necessarily be judged in context of "a debtor's duty to disclose under the bankruptcy laws." *See id.* (recognizing that before turning to question of intent the court must outline the debtor's duty to disclose under bankruptcy law).  The retaliation claims Riley presently alleges did not arise during the time that her bankruptcy was pending.  One of the primary retaliatory acts of which Riley complains is her forced resignation in February 2004, two months after her bankruptcy was closed.  To the extent her cause of action depends on this alleged adverse action, there is no way Riley could have included the claim in her bankruptcy filings.  Thus, despite the fact that a debtor seeking bankruptcy protection under Chapter 13 has a continuing duty to "disclose all assets, or potential assets, to the bankruptcy court," Riley cannot be charged with a contradictory statement to the bankruptcy court when her bankruptcy was closed two months prior to the time her retaliation cause of action accrued. *See id.*

Even assuming that parts of Riley's current claims were foreseeable or foreseen during the pendency of her Chapter 13 bankruptcy, the question becomes whether she had the type of knowledge of said claims that can support an inference that she is deliberately manipulating the judicial process.  Winn-Dixie cites a 1999 decision by this court, *Chandler v. Samford University*, 35

F.Supp.2d 861, for the proposition that once Riley filed her EEOC charges, she clearly had a duty to disclose the claims underlying the charges or risk a subsequent finding of judicial estoppel.  In *Chandler*, the plaintiff did not disclose in her bankruptcy filings that she had filed an EEOC charge, and this court held that judicial estoppel applied to bar her claim.  It is at least implicit from *Chandler* that an EEOC charge is something that a party must disclose to the bankruptcy court, but that does not lead inescapably to the conclusion that Riley's EEOC charges evidence her awareness then of the retaliation claims she is asserting now.  To the contrary, Riley's EEOC charges refer to disability discrimination and an alleged failure to transfer/promote on account of race.

It may become apparent after discovery that the EEOC charges in fact cover the allegations underlying this lawsuit, and at that time the court may consider whether its decision in *Chandler* requires a finding of judicial estoppel in light of the Eleventh Circuit's subsequent opinion in *Burnes*.  But, at this point, where it appears that Riley's EEOC charges are related to allegations other than the retaliation she now alleges, there is no basis for inferring that Riley failed to disclose her claim in an effort to play fast and loose with the judiciary.  Winn-Dixie's summary judgment motion is due to be denied.

*Conclusion*

Defendant's motion for summary judgment will be denied by separate order entered contemporaneously herewith.

DONE this 31st day of January, 2005.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE